OPINION OF THE COURT
Per Curiam.
Respondent was admitted to the practice of law by the Appellate Division, Second Department in 1989, and maintains an office in Lackawanna. In August 2013, the Grievance Committee filed a petition alleging that respondent made false statements of fact to two tribunals to conceal the criminal history of a client who had been charged with certain alcohol-related driving offenses. Charge one concerns alleged false statements to Lackawanna City Court during a plea and sentencing hearing on March 28, 2012, and charge two concerns alleged false statements to Darien Town Court during a sentencing hearing on April 19, 2012. Charge two additionally alleges that respondent made misrepresentations to the prosecutor in the Darien Town Court matter immediately before and after the sentencing hearing in that court. Respondent filed an answer denying material allegations of the petition, and this Court appointed a referee to conduct a hearing. The Referee has filed a report, which the Grievance Committee moves to disaffirm. Respondent cross-moves to confirm the report and to dismiss the petition. Respondent appeared before this Court on the return date of the motion and cross motion, and he was heard in mitigation at that time.
With respect to charge one, the Referee found that, on November 30, 2011, respondent and the client appeared in Darien Town Court and, following a bench trial, the client was convicted of various traffic offenses and driving while intoxicated as a misdemeanor (hereafter DWI). Town Court scheduled sentencing for a later date.
The Referee found that, on March 3, 2012, the client was arrested in Lackawanna and charged in Lackawanna City Court with DWI. The Referee found that respondent and the client appeared for a pretrial conference in City Court on March 13, 2012, after which the court allowed the client to maintain his driver’s license pending disposition of the charge. The Referee additionally found that, on March 28, 2012, respondent and the client appeared in City Court, at which time the client accepted a plea to the lesser charge of driving while ability impaired (hereafter DWAI).
A copy of the transcript of the plea and sentencing hearing that was held in City Court on March 28, 2012 was received in *288 evidence in this proceeding. That transcript establishes that, during the plea colloquy, the following exchange took place between respondent and City Court:
City Court: “[N]ow, this is the second one, isn’t it?”
Respondent: “No, Judge.”
City Court: “First one?”
Respondent: “Yes.”
City Court thereafter accepted the client’s guilty plea and afforded respondent the opportunity to address fines or sentencing, at which time respondent requested that the court sentence the client to a conditional discharge and grant a 20-day stay of the proceeding on the ground that the Lackawanna DWAI conviction was the client’s “first offense.”
The Referee found that City Court dismissed the DWI charge and sentenced the client to a conditional discharge, directed him to pay a fine in the amount of $300 and suspended his driving privileges. The Referee further found that, when respondent referred to the Lackawanna DWAI conviction as the client’s “first one,” respondent was under the mistaken impression that the client’s prior DWI conviction in Darien Town Court “had not ripened to a final disposition” because the client had not yet been sentenced in Town Court.
With respect to charge two, the Referee found that Darien Town Court held a sentencing hearing on April 19, 2012, in relation to the client’s conviction of DWI in that court on November 30, 2011. The Referee found that, immediately prior to the hearing, and in response to an inquiry from the prosecutor about the status of the Lackawanna matter, respondent told the prosecutor that the Lackawanna DWI charge had been dismissed. Although the Referee characterized that statement as “technically true,” the Referee noted that respondent did not disclose to the prosecutor that the charge had been dismissed because the client had accepted a plea to the lesser charge of DWAI.
A copy of the transcript of the sentencing hearing held in Darien Town Court on April 19, 2012 was received in evidence in this proceeding. That transcript establishes that, when Town Court afforded respondent the opportunity to be heard on the issue of sentencing, respondent stated that the Darien DWI conviction was the client’s “only arrest that he had,” and that the client had “never been in trouble before.”
Town Court thereafter indicated that the court had received a notice indicating that the client had been “suspended or revoked *289 out of the Town of West Seneca, March the 28th,” and asked respondent whether the client had been convicted of DWI in another jurisdiction prior to April 19, 2012. Respondent replied, “Not that I know of, Judge,” and suggested that the notice concerned a license suspension rather than a conviction.
Seeking clarification regarding the notice, Town Court cited the name of the judge who had presided over the Lackawanna proceeding, and further specified that the matter in question arose from an arrest in Lackawanna on March 3, 2012, which resulted in a conviction of DWAI and a sentence of conditional discharge on March 28, 2012. In response, respondent suggested that the matter involved a license suspension and was “pending prosecution.” Although respondent subsequently acknowledged that the client had been arrested on March 3, 2012, he thereafter stated that he was “not too familiar” with the matter and that it concerned a “suspension pending prosecution.”
Upon direct questioning by the court, the client subsequently disclosed that he had been convicted of another alcohol-related driving offense prior to April 19, 2012.
The Referee found that the transcript of the sentencing hearing in Darien Town Court is “confusing” because the court initially stated that the prior matter arose in the Town of West Seneca, rather than Lackawanna. In addition, the Referee found that Town Court was aware of the Lackawanna DWAI conviction when the client was ultimately sentenced to three years probation with multiple conditions and directed to pay a fine of $1,450.
Although charge two alleges that respondent falsely told the prosecutor immediately after the sentencing hearing in Darien Town Court that respondent had not represented the client in the Lackawanna matter and had no knowledge of the Lackawanna proceeding prior to the sentencing hearing in Town Court, the Referee did not make findings regarding those alleged false statements. We further note that the Referee did not make advisory findings regarding the disciplinary rule violations alleged in the petition.
We agree with respondent that the factual findings of the Referee are supported by the record, and we therefore confirm them. However, we additionally agree with the Grievance Committee that the Referee did not make findings with respect to certain disputed facts, including whether respondent intended to deceive Lackawanna City Court or Darien Town Court. In any event, the record is sufficient for this Court to determine any outstanding issues of fact.
*290 With respect to the alleged false statements to Lackawanna City Court on March 28, 2012, we conclude that respondent’s statements that the Lackawanna DWAI was the client’s “first one,” and “first offense” were false inasmuch as the client had previously been convicted of DWI in Darien Town Court. Although the Referee found that respondent mistakenly believed that the Darien DWI conviction had not ripened to a “final disposition” because sentence had not been imposed, based upon the full record we conclude that respondent knowingly made false statements of fact to Lackawanna City Court in an effort to conceal the criminal history of the client.
With respect to the alleged false statements to Darien Town Court, we conclude that respondent intentionally sought to mislead Town Court and the prosecutor regarding the client’s criminal history during the sentencing hearing on April 19, 2012. In addition, although the Referee found that respondent’s alleged misrepresentations to the prosecutor immediately prior to the sentencing hearing in Darien Town Court were “technically true,” we conclude that those statements were purposefully incomplete and misleading. We further credit the hearing testimony of the prosecutor regarding respondent’s alleged false statements immediately after the sentencing hearing in Darien Town Court and conclude that respondent falsely told the prosecutor that respondent had not represented the client in the Lackawanna matter and that he had no knowledge of the client’s Lackawanna conviction prior to the sentencing hearing in Darien Town Court.
We conclude that respondent has violated the following Rules of Professional Conduct:
rule 3.3 (a) (1) (22 NYCRR 1200.0) — knowingly making a false statement of fact or law to a tribunal;
rule 8.4 (c) (22 NYCRR 1200.0) — engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;
rule 8.4 (d) (22 NYCRR 1200.0) — engaging in conduct that is prejudicial to the administration of justice; and
rule 8.4 (h) (22 NYCRR 1200.0) — engaging in conduct that adversely reflects on his fitness as a lawyer.
We have considered, in determining an appropriate sanction, that respondent has previously received four letters of caution and that the misconduct at issue involved a series of calculated misrepresentations. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be *291 suspended for a period of nine months, and until further order of the Court.
Centra, J.E, Peradotto, Lindley and Whalen, JJ., concur.
Order of suspension entered.